## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MICHAEL G. WILLIAMS,**

        **Plaintiff,**

**v.**                                **Case No. 8:12-CV-2395-T-17AEP**

**CAROLYN W. COLVIN,**
**Acting Commissioner of the United**
**States Social Security Administration,**

        **Defendant.**

_____/

### REPORT AND RECOMMENDATION

      The Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

      Upon a review of the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the administrative record, and the pleadings and memoranda submitted by the parties in this case, and for the reasons set forth herein, I recommend that the Commissioner's decision in this case be **AFFIRMED**.

### I.  Background

      The Plaintiff filed for DIB and SSI on September 24, 2007, alleging an onset of disability on May 30, 2006.  R. 11, 81-97, 194-210.  The Plaintiff's application was denied initially and upon reconsideration.  R. 105-08, 130-37, 142-47.  The Plaintiff requested and received a hearing, which was held on November 16, 2009 before ALJ Michael S. Maram (the "First Hearing").  R. 49-75.  In a decision dated January 11, 2010 (the "First Decision"), the ALJ found

the Plaintiff not disabled as defined under the Act. R. 112-20. The Plaintiff requested review of the First Decision, and on July 9, 2010, the Appeals Council granted the Plaintiff's request and remanded the case to the ALJ for additional consideration. R. 126-29, 181. After a second hearing on October 13, 2010 (the "Second Hearing"), the ALJ issued a new decision on November 9, 2010 (the "Second Decision") finding the Plaintiff not disabled. R. 11-22, 78-104. The Plaintiff timely exhausted his administrative remedies, and this case is properly before the Court for review under 42 U.S.C. § 405(g).

## II.  The ALJ's Second Decision

When determining whether an individual is disabled, the ALJ must follow the five-point sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

In his Second Decision, the ALJ performed the required five-step sequential analysis. R. 11-22. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the date of alleged onset. R. 13-14. At step two, the ALJ determined that the Plaintiff suffered from the severe impairments of "cervical and lumbar degenerative disc disease with history of lumbar disc herniations and mild canal stenosis; radiculopathy; diabetes mellitus with peripheral neuropathy; [and] major depression/mood disorder/pain disorder…." R. 14. At

step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1.  R. 15-16.  Next, the ALJ found that the Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work.  R. 16-20.  At step four, the ALJ determined that the Plaintiff was not capable of performing any past relevant work.  R. 21.  At step five, based on the testimony of a vocational expert ("VE") at the Second Hearing, the ALJ found that the Plaintiff was able to perform the requirements of the representative occupations of a toll collector, parking lot cashier, and mail clerk.  R. 21-22. Based on his finding at step five, the ALJ concluded that the Plaintiff was not disabled under the Act.  R. 22.

### III. Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is "more than a scintilla but less than a preponderance.  It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion."  *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).  If the Commissioner's findings of fact are supported by substantial evidence, they shall be conclusive. 42 U.S.C. § 405(g).  Further, when the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of

the [Commissioner.]"  *Id.*  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."  *Foote v. Chater*, 67 F.3d 1533, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (noting that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### IV. Discussion

The Plaintiff challenges the ALJ's Decision on two grounds:

1)      The ALJ failed to find that the Plaintiff suffered from the severe impairments of passive-dependent personality and pain disorder; and

2)      The ALJ failed to properly consider the effects of the Plaintiff's severe mental impairments in assessing his RFC.

For the reasons discussed below, the Court finds that the ALJ's Decision was based on substantial evidence and comported with applicable legal standards.

### A.      The ALJ's Analysis of the Plaintiff's Mental Impairments

First, the Plaintiff argues that the ALJ erred by failing to find the Plaintiff's passive-dependent personality and pain disorders severe.  At step two, the claimant bears the burden of proving the existence of a severe impairment.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). In determining the severity of an impairment at step two, evidence about the functionally limiting effects of an individual's impairments must be evaluated in order to assess the effect of the impairments on the individual's ability to perform basic work activities.  *See* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996).  However, at step two, the ALJ is not required to identify all of the impairments that should be considered severe.  *See Heatly v. Commissioner of Social Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010) ("Nothing requires that the ALJ must identify, at

step two, all of the impairments that should be considered severe."). Instead, at step three, the ALJ is required to demonstrate that he has considered all of the claimant's impairments, whether severe or not, in combination. *Id.* (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (explaining that the ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

At step two of his Second Decision, the ALJ determined that the Plaintiff suffered from the severe mental impairments of major depression, mood disorder, and pain disorder. R. 13. At step three, the ALJ performed the "special technique" dictated by the Psychiatric Review Technique ("PRT") Form for evaluating mental impairments. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (citing 20 C.F.R. § 404.1520a). The ALJ concluded that the Plaintiff had mild restrictions in activities of daily living and social functioning, a moderate restriction in maintaining concentration, persistence, or pace, and zero episodes of decompensation. R. 15. Based on these findings, the ALJ concluded that the Plaintiff "must avoid climbing, balancing, driving, unprotected heights, and hazards," but could perform "simple, routine, repetitive tasks." R. 16. In determining the Plaintiff's RFC, the ALJ relied on, in part, an August 20, 2007 psychiatric evaluation conducted by Arthur, J. Forman, M.D. R. 17, 411-22. Dr. Forman opined that the Plaintiff suffered from "Pain Disorder With Both Psychological Factors and a General Medical Condition" as well as "Passive-Dependent Personality Style." R. 421. Dr. Forman noted that the Plaintiff's "passive-dependent personality style make it unlikely he will or can develop the drive needed to overcome the obstacles he faces to return to employment." R. 421. However, "[f]rom a pure psychological/psychiatric standpoint," Dr. Forman concluded that the Plaintiff was "capable of employment if given the opportunity." R. 421. In terms of the Plaintiff's mental functioning, Dr. Forman noted that the

Plaintiff was "probably of average intelligence," with adequate insight and judgment.  R.  419.

In addition, Dr. Forman found that the "content of [the Plaintiff's] item responses also suggest

[that] he has difficulty managing routine affairs, has a poor memory, concentration problems,

and an inability to make decisions."  R. 420.

The Plaintiff argues that the ALJ misread Dr. Forman's report when he concluded that

Dr. Forman opined that the Plaintiff could work.  (Dkt. No. 18 at 5.)  Further, "[t]he ALJ did not

consider the earlier statement by Dr. [Forman] that it was unlikely that he would or could

develop the drive needed to overcome the obstacles he faces to return to work."  (Dkt. No. 18 at

5.)  The Plaintiff contends that the ALJ "took the statement out of its context," since the use of

the term "from a purely psychological/psychiatric standpoint" is only referring to the Plaintiff's

separate Florida workers' compensation claim.  (Dkt. No. 18 at 5.)  However, the Plaintiff's

argument ignores that Dr. Forman's opinions on the Plaintiff's ability to work are not medical

opinions and are never entitled to special significance.  *See* 20 C.F.R. § 404.1527(d)(2)-(3),

(e)(1)-(2) (noting that opinions regarding the claimant's RFC are not "medical opinions" under

the Social Security Regulations and the Commissioner "will not give any special significance to

the source of an opinion on issues reserved to the Commissioner…."); SSR 96-5p, 1996 WL

374183, at *2 (July 2, 1996) ("[T]reating source opinions on issues that are reserved to the

Commissioner are never entitled to controlling weight or special significance.").  Further, while

the Plaintiff argues that the ALJ should have confirmed the severity of Dr. Forman's diagnosed

impairments at step two, a diagnosis alone is an insufficient basis for finding that an impairment

is severe.  *See Sutton v. Astrue*, No. 3:09-cv-215-J-TEM, 2010 WL 3212085, at *4 (M.D. Fla.

Aug. 12, 2010) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  Nevertheless,

the ALJ was not required to identify every one of the Plaintiff's severe impairments at step two

so long as he considered the combined effect of the Plaintiff's severe impairments throughout the remainder of the decision.  *See Heatly v. Commissioner of Social Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010).

In this case, the ALJ incorporated the functional limitations identified in Dr. Forman's August 20, 2007 psychiatric evaluation into his RFC assessment.  R. 16-20.  The Plaintiff asserts that the ALJ failed to consider Dr. Forman's opinion regarding the Plaintiff's passive-dependent personality problems, but does not direct the Court to specific functional limitations not already considered by the ALJ in his Second Decision.  *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) ("The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality.").  Thus, the Plaintiff's first argument is without merit.

### B.    The ALJ's RFC Assessment

Next, the Plaintiff argues that the ALJ failed to incorporate all of his mental impairments into his RFC assessment.  Specifically, the Plaintiff argues that the "ALJ failed to meet his obligation to evaluate [the] Plaintiff's pain with reference to all of [his] impairments." (Dkt. No. 18 at 8.)  In the Eleventh Circuit, the pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  "The standard also applies to complaints of subjective conditions other than pain."  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). In applying the Eleventh Circuit's three-part pain standard, it is within the ALJ's discretion to

determine that a plaintiff's claims of pain and other symptoms are not credible.  *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.").  "But the ALJ's discretionary power to determine the credibility of testimony is limited by [her] obligation to place on the record explicit and adequate reasons for rejecting that testimony."  *See id.* at 839 ("If the ALJ refused to credit subjective pain testimony where such testimony is critical, [he] must articulate specific reasons for questioning the claimant's credibility.").

In his Second Decision, the ALJ conducted an analysis of the Plaintiff's subjective symptoms, including pain, in accordance with the Eleventh Circuit's pain standard.  R. 20.  Ultimately, the ALJ concluded that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with his RFC assessment.  R. 20.  In support of this finding, the ALJ noted a number of inconsistencies between the Plaintiff's statements and other evidence on record.  R. 20.

The Plaintiff does not contest the ALJ's finding that the Plaintiff's complaints of subjective symptoms, including pain, were not credible to the extent they conflicted with the ALJ's RFC assessment.  Instead, the Plaintiff contends that the ALJ should have considered the Plaintiff's pain disorder diagnosed by Dr. Forman in evaluating the Plaintiff's pain.  (Dkt. No. 18 at 7.)  As an initial matter, the Court notes that, contrary to the Plaintiff's assertions, the ALJ explicitly included the severe impairment of "pain disorder" at step two of his sequential analysis.  R. 14.  Nevertheless, Dr. Forman's diagnosis of pain disorder did not, on its own, show that the Plaintiff's pain manifested functional limitations that restricted the Plaintiff's ability to work.  *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  The Plaintiff does not

assert that he suffered from additional functional limitations related to his pain that were not included in the ALJ's RFC assessment. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (noting that "the claimant bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of her claim."). As stated earlier, the ALJ identified a number of functional limitations relating to the Plaintiff's severe mental impairments, and a review of the ALJ's RFC assessment reveals that it is, indeed, supported by substantial evidence on record. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]."). Thus, the Court finds that the Plaintiff's second argument is without merit.

### V.  Conclusion

Accordingly, for the foregoing reasons, it is **RECOMMENDED** that:

1. The Commissioner's final decision in this case be **AFFIRMED**.

2. The Clerk enter judgment accordingly and **CLOSE** the file.

**IT IS SO REPORTED** in Tampa, Florida on January 15, 2014.

ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall

bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).

Copies furnished to:

Hon. Elizabeth A. Kovachevich
Counsel of Record